USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: January 10, 2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

UNITED STATES OF AMERICA

               v.

TENZIN NORBU,

                 Defendant.

------------------------------------------------------------------X

24-CR-159 (KMW)

**OPINION & ORDER**

KIMBA M. WOOD, United States District Judge:

Defendant Tenzin Norbu was indicted on March 19, 2024 with one count of conspiracy to commit asylum fraud and make false statements, in violation of 18 U.S.C. §§ 371, 1001, and 1546(a), and one count of asylum fraud, in violation of 18 U.S.C. §§ 1546(a) and 2. (Indictment, ECF No. 14.) On August 23, 2024, Norbu moved to dismiss the Indictment. (ECF No. 26.) Norbu argues that the Indictment was not filed until after the five-year statute of limitations period had expired. (Def.'s Mem., ECF No. 27.) The government filed a memorandum of law in opposition to the motion (Gov't Opp'n, ECF No. 29), and Norbu filed a reply (Def.'s Reply, ECF No. 31). After considering the parties' submissions, the Court now denies the motion.

**BACKGROUND**

The government alleges that between November 2007 and the summer of 2016, Norbu submitted fraudulent applications for clients seeking asylum in the United States, falsely claiming that these clients were Tibetan and had suffered persecution by Chinese authorities by virtue of being Tibetan. (Gov't Opp'n, at 1-2; Zach Decl. Ex. B, ECF No. 28-2, at 38.) The government also alleges that Norbu supplied clients with fake identification documents in

support of those applications and counseled clients to lie during their asylum interviews.  (Gov't Opp'n, at 2.)

The government commenced an investigation regarding these claims.  While the government's investigation was ongoing, Norbu left the United States and entered Canada.[1]  On April 9, 2018, the government charged Norbu by Complaint with the crimes at issue here, and a warrant was issued for his arrest.  (ECF Nos. 1, 2.)  Based on those charges, Canadian authorities arrested Norbu on May 11, 2018.  (Gov't Opp'n, at 4.)

Norbu fought extradition for the next five years.  On December 19, 2023, after Norbu had exhausted his applications for review in Canada, the Canadian authorities delivered Norbu into the custody of the United States Marshals Service.  *Id.* at 5.

## LEGAL STANDARD

Under 18 U.S.C. § 3282(a), "no person shall be prosecuted, tried, or punished for any offense . . . unless the indictment is found or the information is instituted within five years" after the commission of the offense.  Where the government alleges a conspiracy under 18 U.S.C. § 371, the limitations period begins to run after the last overt act in furtherance of the conspiracy.

---

[1] The parties agree that Norbu left the United States and entered Canada in March 2018.  Norbu asserts that he left the United States because he was unable to obtain legal status and feared immigration-related consequences after President Trump's first election.  He maintains that he was unaware that law enforcement was investigating him when he left.  (Def.'s Mem., at 1-2, 8; Zach Decl. Ex. B, at 12.)  The government contends that Norbu left after becoming aware that he was under investigation.  (Gov't Opp'n, at 3; Zach Decl. Ex. B, at 39.)  The Court need not decide this dispute because the government relies only on a subsequent date for the purpose of calculating the limitations period.

*See United States v. Fletcher*, 928 F.2d 495, 498 (2d Cir. 1991). But that period is tolled during any time that a defendant is "fleeing from justice." 18 U.S.C. § 3290.

For tolling to apply, it is the government's burden to establish, by a preponderance of the evidence, that a defendant was fleeing from justice. *See Jhirad v. Ferrandina*, 536 F.2d 478, 484-85 (2d Cir. 1976). A person flees from justice when he "absents himself from a jurisdiction where an offense has been committed with the intent of avoiding arrest or prosecution." *United States v. Catino*, 735 F.2d 718, 722 (2d Cir. 1984). This "intent" can be inferred from a person's failure to surrender to authorities once he learns that charges against him are pending. *Id.* Such a failure is deemed a "constructive flight." *Id.* at 722-23.

When a person learns of charges against him while he is outside of the prosecuting jurisdiction, and then chooses not to return, he is likewise deemed to be in constructive flight from justice. *Id.* And, of course, if a person actively resists extradition, he is deemed to be in constructive flight from justice, and the statute of limitations period is tolled. *Id.*

**DISCUSSION**

Because Norbu actively fought extradition to the United States from the date of his May 11, 2018 arrest by Canadian authorities forward, he is deemed to have been in constructive flight from justice beginning at least as early as May 11, 2018.

Norbu argues that he should not be penalized for a "valid exercise of his rights" in opposing extradition. (Def.'s Reply, at 3.) The Second Circuit rejected the same argument in *Catino*, stating "where a defendant chooses [to oppose extradition], the price for that choice is

loss of the benefit of the statute of limitations." *Catino*, 735 F.2d at 723.  Therefore, the statute

of limitations period was tolled from May 11, 2018 to December 19, 2023 (and from January 15,

2024 to February 19, 2024, by the parties' agreement), making the present Indictment timely.[2]


## CONCLUSION

For the foregoing reasons, Norbu's motion to dismiss the Indictment is denied.  The

Clerk of Court is respectfully directed to close the motion at ECF No. 26.  The Court denies the

government's request for oral argument.  (ECF No. 33.)  A status conference is hereby scheduled

for February 12, 2025 at 2:00 p.m.  If that date or time is inconvenient for either party, they shall

notify the Court.

SO ORDERED.

Dated: New York, New York
       January 10, 2025                          */s/ Kimba M. Wood*
                                              KIMBA M. WOOD
                                         United States District Judge

---

[2] The last overt act alleged in the Indictment occurred on May 24, 2016, when one of Norbu's clients presented false information during an interview to a USCIS asylum officer.  (Indictment, at 3.)  The time between the last overt act, to the March 19, 2024 Indictment, is 2,856 days (7 years, 9 months, and 24 days).  Subtracting (1) the time Norbu undoubtedly knew of the charges against him and fought extradition (from the date of his arrest by Canadian authorities to the date he was released to the custody of the United States Marshals Service—May 11, 2018 to December 19, 2023, or 2,048 days) and (2) the time the parties agreed to toll (35 days), leaves 773 days (2 years and 43 days), which is well within the five-year statute of limitations period.